1

2                    UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5    STORM CATTOCHE,                          Case No.  21-cv-01686-JD

6                    Plaintiff,

7          v.                                 **ORDER RE MOTION TO DISMISS**

8    UNITED AIRLINES, INC., et al.,           Re: Dkt. No. 11

9                    Defendants.

10

11         Plaintiff Storm Cattoche alleges several claims under California state law against her

12   employer, defendant United Airlines, Inc. (United) and two individuals, for retaliation, gender and

13   race discrimination, a hostile work environment, and intentional infliction of emotional distress.

14   United removed to federal court on diversity grounds, and Cattoche did not request a remand.  The

15   Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

16         In the first amended complaint, Dkt. No. 1-1, Ex. B (FAC), Cattoche alleges that she has

17   worked as a flight attendant for United since 1989, and was demoted from her position as an

18   "International Purser"[1] shortly after she advised management that she and "her fellow

19   International Pursers were being assigned duties which would cause them to be misclassified as

20   management officials under the applicable collective bargaining agreement and California law and

21   regulation."  FAC ¶¶ 9, 33, 36.  Cattoche also alleges that United has subjected her to "hyper-

22   scrutiny of her attire and performance that her non-African-American, male, and non-complaining

23   co-workers are not subjected to."  *Id.* ¶ 23.

24         United asks to dismiss the first, second, and third counts in the FAC under Federal Rule of

25   Civil Procedure 12(b)(6) for failure to state a plausible claim.  Dkt. No. 11-1 at 1.  It also says that

26

27   _____
     [1] The duties of an international purser are not defined in the FAC.  Defendants offer that a purser
28   is a flight attendant who is also responsible for "coordinating and directing the activities of the
     cabin crew, and for completing all required reports and documentation."  Dkt. No. 11-1 at 2.

United States District Court
Northern District of California

1     the retaliation and discrimination claims are predicated on an interpretation of a collective

2     bargaining agreement, and so are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

3     (RLA).  United contends that this warrants dismissal on jurisdictional grounds under Rule

4     12(b)(1).

5         The parties' familiarity with the record is assumed, and the first, second, and third claims

6     are dismissed under Rule 8 and Rule 12(b)(6).  Under familiar standards, Rule 8 requires a

7     complaint to present "a short and plain statement of the claim showing that the pleader is entitled

8     to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on

9     its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible on its

10     face if, accepting all factual allegations as true and construing them in the light most favorable to

11     the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct

12     alleged." *Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-CV-04880-JD, 2018 WL

13     3109599, at *1 (N.D. Cal. June 25, 2018), *aff'd*, 959 F.3d 334 (9th Cir. 2020) (quoting *Ashcroft v.*

14     *Iqbal*, 556 U.S. 662, 678 (2009)).  The plausibility analysis is "context-specific" and not only

15     invites but "requires the reviewing court to draw on its judicial experience and common sense."

16     *Iqbal*, 556 U.S. at 679.

17         The retaliation claim under Cal. Lab. Code § 1102.5 is not supported by enough facts to be

18     plausible.  "Section 1102.5(b) is part of the California whistleblower statute, and forbids an

19     employer from retaliating against an employee who reports 'a violation of state or federal statute,

20     or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of

21     whether disclosing the information is part of the employee's job duties.'"  *King v. Praxair*

22     *Distribution, Inc.*, No. 3:20-CV-07817-JD, 2021 WL 3847906, at *2 (N.D. Cal. Aug. 27, 2021)

23     (quoting Cal. Labor Code § 1102.5(b)).  The FAC does not provide facts indicating that Section

24     1102.5(b) is in play here in any way, and makes only highly generalized references to alleged

25     misclassification of flight attendants "as management officials" and Cattoche's belief that United

26     "was violating California law, regulations, and Wage Orders of the Labor Commissioner,"

27     whatever those might be.  FAC ¶¶ 33-34.  This will not do for Rule 8 purposes.  *See Twombly*, 550

28     U.S. at 555.  Cattoche tries to fill in the gaps with statements in her motion papers, but the

allegations need to be in the complaint to pass Rule 8 review.  *See McLemore v. Marin Hous. Auth.*, No. 20-CV-05431-JD, 2021 WL 4124210, at \*3 (N.D. Cal. Sept. 9, 2021) ("'[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' for additional factual allegations.") (quoting *Schneider v. Cal. Dep't Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original)).

So too for the discrimination claims.  The FAC alleges in a wholly conclusory fashion that Cattoche was "treated less favorably than her non-female" and "non-African American counterparts." FAC ¶¶ 46, 55.  No facts are provided, and such unspecific allegations are not sufficient to state a claim.  *See Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc*., No. 19-CV-07824-JD, 2020 WL 5630268, at \*2 (N.D. Cal. Sept. 21, 2020); *see also Twombly*, 550 U.S. at 555 (A complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action.").

That is enough to resolve United's motion.  The Court declines to consider possible RLA preemption in the absence of plausible claims that might be preempted.  The day may come when that question must be decided, particularly since the FAC acknowledges an "applicable collective bargaining agreement," FAC ¶ 33, but it need not be decided at this time.

Dismissal is with leave to amend.  Cattoche may file by November 12, 2021, an amended complaint that is consistent with this Order.  With respect to the individual defendants Stephanie Lochmann McLeranand and Andrew Willson, the docket does not indicate that Cattoche has served any pleadings on them.  If Cattoche intends to keep the individuals in the case as defendants, she must serve them in a timely manner.  United's request for judicial notice, Dkt. No. 11-2, is denied as moot; the Court did not consider these materials.

**IT IS SO ORDERED.**

Dated:  October 28, 2021

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3