1  FORTHRIGHT LAW, P.C.
   DOW W. PATTEN (SBN:135931)
2  50 California St., Suite 1500
   San Francisco, CA 94111
3  Telephone (415) 228-6848
   Facsimile (415) 228-6876
4
   Attorneys for Plaintiff
5  STORM CATTOCHE

6             IN THE UNITED STATES DISTRICT COURT

7             FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                    SAN FRANCISCO DIVISION

9  STORM CATTOCHE, an individual,          )   Case No.:   4:21-cv-01686 JD
                                            )
10         Plaintiff,                       )   SECOND AMENDED COMPLAINT
                                            )   FOR DAMAGES AND INJUNCTIVE
11     v.                                   )   RELIEF
                                            )
12                                          )
   UNITED AIRLINES, INC. a Delaware         )
13 Corporation; STEPHANIE LOCHMANN          )
   McLERANAND, an individual, ANDREW        )
14 WILLSON, an individual, DOES 1-10,       )
   inclusive,                               )
15                                          )
           Defendants.                      )
16                                          )
                                            )
17

18
       Plaintiff, STORM CATTOCHE, through the undersigned counsel of record, files this
19
   Complaint and complains of the named Defendants UNITED AIRLINES, INC, STEPHANIE
20
   LOCHMANN McLERANAND, an individual, ANDREW WILLSON and DOES 1-10, each of
21
   them, jointly and severally, and for claims, alleges as follows:
22

23                          **JURISDICTION AND VENUE**

24
   1.    This Court has jurisdiction over the action as Plaintiff STORM CATTOCHE ("Plaintiff")
25
   is a resident of the State of California and the acts which form the basis of this action occurred
26
   within the City and County of San Francisco.
27

28

                                               1
   SECOND AMENDED COMPLAINT                                      Case No.:4:21-cv-01686 JD

2. This matter was originally filed in the Superior Court for the State of California, City and County of San Francisco on November 13, 2020. On March 10, 2021 Defendant UNITED AIRLINES, INC. removed this matter to the the United States District Court for the Northern District of California.

3. Venue is proper in this Court as the acts complained of occurred in the City and County of San Francisco, and within this Judicial District, and the Defendant, UNITED AIRLINES, INC. ("UNITED" or "Defendant") is a Delaware Corporation licensed to and doing business in the City and County of San Francisco and the employment records re levant to this matter are administered and maintained in the City and County of San Francisco County, and the unlawful employment practices set forth below occurred in City and County of San Francisco, within this judicial district.

4. Defendant UNITED, is a Delaware Corporation, and an American international airline company that offers passenger and cargo air transportation services, and employs more than 80,000 employees.

5. Defendant STEPHANIE LOCHMANN McLERANAND, is an individual employed by Defendant UNITED AfRLINES, INC., as Supervisor, and at all times relevant was a resident of the State of California, and is responsible for the damages arising from unlawful conduct against Plaintiff herein.

6. Defendant ANDREW WILLSON, is an individual formerly employed by Defendant UNITED AIRLINES, INC., as SFO Base Director, and at all times relevant was a resident of the State or California, and is responsible for the damages arising from the unlawful conduct against Plaintiff herein.

7. Plaintiff has been damaged in excess of the jurisdictional amount of this court.

7.  Plaintiff duly filed a complaint with the Department of Fair Employment and Housing, and received a Right-to-sue; Plaintiff has therefore exhausted her administrative remedies.

### FACTS COMMON TO ALL CLAIMS

9.  Ms. Cattoche is a long-term employee of United Airlines, commencing her employment in February of 1989 as a flight attendant, and eventually worked her way up and was promoted to the position of International Purser.

10. The position of International Purser at UNITED is held by a flight attendant who acts as liaison between the "flight deck", including pilots, captains, and first officers, and the flight attendants, and is paid a premium over and above the wages of flight attendant for performing such liaison services.

11. As a flight attendant and International Purser, Plaintiff has dutifully performed the responsibilities or her position, receiving numerous commendations for her work.

12. Based in the San Francisco International Airport ("SFO"), Plaintiff has consistently performed International Purser duties in an exceptional fashion, receiving numerous accolades and positive performance evaluations.

13. Commencing on January 11, 2020, changes began to occur at SFO which caused Ms. Cattoche and other Pursers and Flight attendants concern.

14. These changes are material changes lo the terms and conditions of Ms. Cattoche's employment as an international purser, including unpaid meetings without reporting time pay.

15. On January 1, 2020, Ms. Cattoche sent and email to SFO base management, including Kurt Wouter, Andrew Willson, John Slater and Stephanie Lochmann Maclaranen, on behalf of a group of Pursers (female) who were raising concerns about material changes to the terms and conditions of the Pursers' employment.

16. On or about January 7, 2020 Andrew Willson, SFO Base Director mandated a "will attend" automatic reply on personal time without compensation.

17. Upon information and belief, UNITED Management perceived Ms. Cattoche as about to report unlawful workplace practices to the California Labor Commissioner, the Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement and/or the Equal Employment Opportunity Commission.

18. In response, UNITED management unlawfully ordered a Purser meeting on personal time, without compensation to the Pursers. This in itself was adverse action taken in close temporal proximity to Ms. Cattoche's protected activities.

19. On January 13, 2020, Ms. Cattoche sent an email to Management which constituted protected activity, refusing to attend the meeting on personal time was activity under as she was refusing to attend an unpaid meeting without pay, in violation of Wage Order 4-2001, 8 CCR §11040(4), et. seq.

20. The following day, on January 14, 2021, Ms. Cattoche was given a performance evaluation by McCLARANAN, and demoted from the position of International Purser to flight attendant along with a corresponding decrease in pay, benefits, and retirement.

21. The specious grounds for the demotion have never been provided in writing to Ms. Cattoche, despite her repealed requests, and in violation of the ordinary course of business at United Airlines.

22. The grounds for demotion were purportedly related to a question regarding the service order in flight attendant duties. Such questions by pursers are exceedingly common, and do not result in discipline and do not result in demotion.

23. For example, Plaintiff's similarly-situated comparator, George L. Rosete, not in Plaintiff's protected classes, had the following question on or about February 8, 2020:

> They just switched our airplane to CDG (SFO-CDG) from the 787V to the 787H. We have nine staffing as is normal on the V. The H only requires eight. This causes the FA03 position some confusion.
> I asked for guidance or clarification on this issue. …..

24. Upon information and belief, Mr. Rosete was not disciplined for having questions regarding service as did Ms. Cattoche.

25. As a further example, Plaintiff's similarly-situated comparator, Christopher Thomas Beaudoin, not in Plaintiff's protected classes, had the following question on or about February 8, 2020:

> Given a few postings here regarding clarification of service procedures (i.e. cereals in bowls; separate Y beverage services on INTL flights; variable staffing, etc.) can some of you Pursers give your impressions of: A) Clarity and consistency from our WHQ Purser team when you raise questions. Do you receive answer your question in plain English? B) Level of Purser support you feel you receives since our common metal merger last October C) Clarity of communication of our P&Ps when we Pursers question or WHQ INFLT team?
> ….

26. Upon information and belief, Mr. Beaudoin was not disciplined for having questions regarding service as did Ms. Cattoche.

27. As such, any allegations against Ms. Cattoche, even if true, would constitute only minor infractions for which non-complaining and flight attendants outside of Ms. Cattoche's protected classes have not been disciplined, let alone demoted from a position as International Purser.

28. On January 20, 2020, Plaintiff emailed Kim Phillips– Sr Manager Harassment & Discrimination Investigation HR Department and Michele Hodges– Human Resources & Employee Relations complaining of unfair treatment.

29. On or about January 21, 2020: Plaintiff received an email from Kim Phillips assigning Plaintiff's complaint to Colleen Roth-SFO Manager HR & Employee Relations.

30. On or about January 23, 2021, Plaintiff requested from McCLARANEN a written statement of the reasons why Plaintiff had been removed from her International Purser Position.

31. That same day, in response McCLARANAN stated that she would not provide a statement in writing of the reasons for the demotion, and that Plaintiff was not entitled to a written explanation.

32. Mr. Wouter confirmed on January 29, 2020 that he was ratifying Plaintiff's demotion from the International Purser position.

33. Since that time, Ms. Cattoche continues to not only suffer the loss of pay, privilege, and career progression, but further is being subjected to unprecedented scrutiny to which other non-complaining flight attendants are not subjected.

34. The unprecedented heightened scrutiny includes stopping Ms. Cattoche from performing her duties, calling her in for non-random testing in front of her co-employees and customers, and engaging in hyper-scrutiny of her attire and performance that her non-African-American, male, and non-complaining co-workers are not subjected to.

35. This is type or conduct is now pervasive in Ms. Cattoche's workplace constitutes harassment of Ms. Cattoche based upon her protected activities, and based upon United Airlines' long-documented history of treating African-American employees less favorably than whites, and also her race, based upon United Airlines' long-documented history of treating females less favorably, her gender.

36. Defendant UNITED has a pattern and practice of not investigating or Laking remedial action for workplace harassment related to sex and race.

37. In 2018 Defendant United was sued by the Equal Employment Opportunity Commission, in the United States District Court for the Western District of Texas, Case No. 5: 18-cv-817, alleging that "since at least May of 2011, and thereafter until at least July of 2016, Defendant engaged in unlawful employment practices, in violation of Section 703(a)( I) of Title VII, 42 U.S.C. 2000(e)(a)(l).

38. In 2014, Defendant United was sued by an African-American flight attendant for failure to remedy racist death threats in the workplace in the Eastern District of Virginia. P*ryor v. United Air Lines*, Inc., No, 14-1442.

39. UNITED continues to have a pattern of not protecting its female and African-American employees from harassment based on race and sex.

## FIRST CLAIM
## RETALIAITION
### (Cal. Lab. Code §1102.5)
### (Alleged against all Defendants)

40. As a first, separate and distinct claim, Plaintiff complains of Defendants and each of them, and for a cause of action, alleges:

41. The factual allegations of Paragraphs 1 through 39, above, arc re-alleged and incorporated herein by reference.

42. Section 1102.5 of the Labor Code of the State of California provides that an employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

43. At all relevant times, Plaintiff was employed by Defendant UNITED, and UNITED was subject to the provisions of the California Labor Code.

44. In January, 2020, Plaintiff communicated to UNITED Management a complaint that Plaintiff reasonably believed was a violation of law, that that assignment of management duties would run afoul of California law in the classification of exempt versus non-exempt employeesunder the Fair Labor Standards Act (29 C.F.R. § 541.201(b)) or California law (Cal. Code Regs. tit. 8, §§ 11010–11150, subds. 1(A)(2). Labor Code, § 515, subd. (a).

45. In January, 2020, Plaintiff communicated to UNITED Management that she would not attend an off-the-clock meeting that constituted Reporting Time under the Wage Order 4-2001.

46. At the time Plaintiff made these complaints, she reasonably believed that UNITED was violating California law, regulations, and Wage Orders of the Labor Commissioner.

47. Upon information and belief, UNITED, its agents and employees believed that Plaintiff would report the violations of which she complained to law enforcement or regulatory authorities, and each of the individuals involved in Plaintiff's demotion know of Plaintiff's refusal to attend the off-the-clock meeting.

48. In very short temporal proximity from her protected disclosures, UNJTED demoted Plaintiff based upon an alleged performance evaluation.

49. The alleged performance evaluation was pretext for retaliation, in that Plaintiff has had decades of service with UNITED with only positive performance evaluations.

50. The alleged performance evaluation was pretext for retaliation, in that the conduct alleged against Plaintiff in the evaluation is conduct which occurs daily throughout UNITED's service area and for which UNITED does not terminate employees from the purser position.

51. Other, non-complaining Pursers have had in-flight incidents of a similar gravamen as that alleged against Plaintiff; to wit, Andrea Pettet, George Rossette, Stacy O'Neal, Cindy Goh, Brian Linke, Mike Brown, George Rosette, Jerome Lerandi, Andrea Pettet, Monique Warfield, Nancy Von Hueben, and Maureen Dejonckere, none of whom were terminated from the purser position.

52. Following Plaintiff's complaint she has been subjected to a pattern of adverse employment actions, including demotion, and unwarranted excessive scrutiny.

53. Plaintiff's disclosures were protected under the provisions of Cal. Lab. Code§ 1102.5.

54. In so doing the acts and engaging in the activities alleged herein, Defendants did so in extremely close temporal proximity to Plaintiff's protected activity and with full knowledge of the protected activity.

55. Defendants did intend to retaliate against Plaintiff for her exercise of rights protected under the California Labor Code and cause Plaintiff to suffer severe emotional distress.

56. As a direct and proximate result of this willful. knowing, and intentional retaliation by Defendant., Plaintiff has suffered and continues lo suffer the loss of earnings and related employment benefits, mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

## SECOND CLAIM
## CALIFORNIA GOVERNMENT CODE SECTION 12900, et seq.
## GENDER DISCRIMINATION -DISPARATE TREATMENT
### (Alleged against Defendant UNITED)

57. The factual allegations of Paragraphs l through 56 above, are re-alleged and incorporated herein by reference.

58. Plaintiff is a Female employee and is therefore a member of a protected class.

59. Plaintiff was treated less favorably than her non-female counterparts in both the application of discipline and in pay, and other terms and conditions of employment.

60. Plaintiff met all of the qualifications for the International Purser position, but has been demoted from that position.

61. Plaintiff's similarly-situated male counterparts identified above have been treated more favorably than Plaintiff in the terms and conditions of her employment, to wit, they remain in their Purser positions with the increased status, pay, and seniority.

62. Defendant's actions violate California Government Code Section 12900. et seq, by treating females less favorably than their non-Female counterparts in the terms and conditions of their employment.

63. As a direct and proximate result of the acts and conduct of Defendants as alleged herein, Plaintiff has suffered loss of earnings and other economic damages in an amount to be proven at trial herein.

64. Plaintiff has also suffered humiliation, emotional distress, and loss of enjoyment of life as a result of the above conduct.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

### THIRD CLAIM
### CALIFORNIA GOVERNMENT CODE SECTION 12900, et seq.
### RACE DISCRIMINATION -DISPARATE TREATMENT
### (Alleged against Defendant UNITED)

65. The factual allegations of Paragraphs 1 through 64 above, are re-alleged and incorporated herein by reference.

66. Plaintiff is an African-American employee and is therefore a member of a protected class.

67. Plaintiff was treated less favorably than her non-African-American counterparts in both the application of discipline and in demotion.

68. Plaintiff's similarly-situated non-African-American counterparts identified above were treated more favorably in terms of discipline under circumstances of similar gravamen.

69. Plaintiff's non-African-American counterparts are international pursers, as was Plaintiff.

70. The following non-African-American Pursers were involved in in-flight incidents where disputes over staffing, disputes over service, and alleged inappropriate in-flight behavior were alleged: Andrea Pettet, George Rossette, Stacy O'Neal, Cindy Goh, Brian Linke, Mike Brown, George Rosette, Jerome Lerandi, Andrea Pettet, Monique Warfield, Nancy Von Hueben, and Maureen Dejonckere,

71. The international pursers who were treated more favorably than Plaintiff, were not removed from the purser position, and include the following non-African-Americans.

72. Plaintiff met all of the qualifications for the International Purser position but was demoted by UNITED with no written explanation.

73. Despite having more experience and more qualifications than her Non-African-AmericaN counterparts, Plaintiff is no longer permitted to perform the job duties of International Purser. with an attendant loss of pay, benefits. and prestige. These positions have, instead, been repeatedly awarded to less experienced and less-qualified non-African-Americans.

74. Defendant's actions violate Section 12900. et seq, by treating African-Americans, and in particular Plaintiff less favorably than her non-African-American counterparts in the terms and conditions of their employment.

75. As a direct and proximate result of the acts and conduct of Defendants as alleged herein, Plaintiff has suffered loss of earnings and other economic damages in an amount to be proven at trial herein.

76. Plaintiff bas also suffered humiliation, emotional distress, and loss of enjoyment of life as a result of the above allegations.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

## FOURTH CLAIM
## CALIFORNIA GOVERNMENT CODE SECTION 12900, et seq. HOSTILE WORK ENVIRONMENT HARASSMENT and FAILURE TO PREVENT HARASSMENT
### (Alleged against Defendant UNITED)

77. The factual allegations of Paragraphs 1 through 76 above, are re-alleged and incorporated herein by reference.

78. Plaintiff has been subjected to pervasively hostile treatment in her workplace, greatly increasing the difficulty of performing all the necessary functions of her position.

79. The pervasively hostile treatment includes hyper-scrutiny of Plaintiff's performance, appearance, including invasions of Plaintiffs privacy and forcing Plaintiff into screenings and evaluations that her co-workers are not subjected to.

80. Defendant's actions violate Section 12900, et seq, by maintaining a hostile work environment and failing to take all steps necessary to treating Females less favorably than their non-Female counterparts in the tem1s and conditions of their employment.

81. As a direct and proximate result of the acts and conduct of Defendants as alleged herein, Plaintiff ha.s suffered loss of earnings and other economic damages in an amount to be proven at trial herein.

82. Plaintiff has also suffered humiliation, emotional distress, and loss of enjoyment of Iife as a result of the above conduct.

83. The foregoing conduct of Defendants was intentional, and made with malice and/or a reckless disregard of Plaintiff's rights under the FEHA and the California Labor Code, ,as such Plaintiff is entitled to punitive and exemplary damages to deter such unlawful conduct in the future.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

### FIFTH CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Alleged against All Defendants)

84. The factual allegations of Paragraphs 1 through 83 above. are re-alleged and incorporated herein by reference.

85. The foregoing conduct by Defendants STEPHANIE LOCHMANN McLERANAND and Defendant ANDREW WILLSON. was extreme and outrageous, conduct which no person in a civilized society should be forced to bear.

86. Defendants STEPHANIE LOCHMANN McLERANAND and Defendant ANDREW WILLSON engaged in the conduct set forth above in order to cause Plaintiff severe emotional distress, with intent to cause distress upon Plaintiff and not for any lawful purpose.

87. In the alternative, Defendants STEPHANIE LOCHMANN McLERANAND and Defendant. ANDREW WILLSON engaged in the conduct set forth above with reckless disregard of the probability of causing emotional distress.

88. As a direct and proximate result or Defendant's conduct, Plaintiff has suffered severe emotional suffering, loss or enjoyment of life, pain, suffering and humiliation that no person in a civilized society should be forced to bear.

89. Plaintiff's severe emotional suffering was actually and directly caused by the conduct of Defendants STEPHANJE LOCHMANN McLERANAND and Defendant ANDREW WILLSON.

90. The conduct of Defendants STEPHANIE LOCHMANN McLERANAND and Defendant ANDREW WILLSON is the proximate cause of Plaintiff's severe emotional suffering. loss of enjoyment of life, pain, suffering and humiliation.

91. The extreme and outrageous character of the Defendants' conduct arose from an abuse of a position or relationship to Plaintiff, which gave Defendants actual or apparent authority over Plaintiff.

92. The foregoing conduct of Defendants was intentional, and made with malice and/or a reckless disregard of Plaintiff's rights, as such Plaintiff is entitled to punitive and exemplary damages to deter such unlawful conduct in the future.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a mandatory injunction requiring UNITED to train its management to eliminate disparate treatment of females and African-American workers, and to maintain a system which identifies and corrects retaliation. discrimination, and harassment;

2. For damages including front pay, back pay, loss of benefits, and loss of earning capacity in amounts according to proof and in no event in an amount less than the jurisdictional limit of the court;

3. For damages for emotional distress attendant to the discrimination set forth herein, in amounts according to proof;

4. For punitive and exemplary damages to deter future unlawful conduct;

5. For attorneys' fees as provided by law;

6. For interest as provided by law;

7. For costs for suit herein;

8. For such other and further relief as the Court deems fair and just

Dated: November 12, 2021                              FORTHRIGHT LAW, P.C.

                                                  by:   /s/ Dow W. Patten
                                                        DOW W. PATTEN
                                                        Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all matters so triable.

Dated: November 12, 2021                              FORTHRIGHT LAW, P.C.

                                                  by:   /s/ Dow W. Patten
                                                        DOW W. PATTEN
                                                        Attorney for Plaintiff