UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STORM CATTOCHE,

    Plaintiff,

v.

UNITED AIRLINES, INC., et al.,

    Defendants.

Case No. 21-cv-01686-JD

**ORDER RE SECOND AMENDED COMPLAINT**

Defendants United Airlines, Stephanie Lochmann MacLaran, and Andrew Willson, have asked to dismiss Plaintiff Storm Cattoche's claims for retaliation, race and gender discrimination, hostile work environment, and intentional infliction of emotional distress (IIED). Dkt. Nos. 27, 35. The Court dismissed the retaliation and discrimination claims with leave to amend. Dkt. No. 24. Although the second amended complaint (SAC) adds some details, it too does not allege "enough facts to state a claim . . . that is plausible on its face." Dkt. No. 25; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The parties' familiarity with the record is assumed, and claims one, two, three, four, and five of the SAC are dismissed under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The SAC does not plausibly state a retaliation claim. "To establish a prima facie whistleblowing case, a plaintiff must show that (1) he engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two." *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022). The SAC falls short on each of these elements. It alleges that Cattoche submitted "a complaint that Plaintiff reasonably believed was a violation of law, that that assignment of management duties would run afoul of California law in the classification of exempt versus non-exempt employeesunder [sic] the Fair

Labor Standards Act . . . or California law" and that she told United "she would not attend an off-the-clock meeting that constituted Reporting Time under the Wage Order 4-2001." Dkt. No. 25 ¶¶ 44-45. Even taken as true for present purposes, these general and rather vague allegations do not show that Cattoche had "reasonable cause to believe that the information disclose[d] a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation," or that she suffered adverse employment action as a result. *See* Cal. Lab. Code § 1102.5(b). The SAC consequently "does not provide facts indicating that Section 1102.5(b) is in play here in any way." Dkt. No. 24 at 2.

For the race and gender discrimination claims, the SAC still "alleges in a wholly conclusory fashion that Cattoche was 'treated less favorably than her non-female' and 'non-African American counterparts.'" *Id.* at 3; Dkt. No. 25 ¶¶ at 57-76. The SAC did not add any new facts to establish a plausible link between the treatment Cattoche complains of on the one hand and her race or gender on the other. *See Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*, No. 19-cv-07824-JD, 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020).

The hostile work environment and IIED claims are also wholly conclusory. The SAC says that Cattoche experienced "pervasively hostile treatment," such as "hyper-scrutiny" of her performance and appearance and "screenings and evaluations that her co-workers are not subjected to." Dkt. No. 25 ¶ 79. It again paints the situation in unduly broad strokes, with statements like MacLaren's and Willson's conduct "was extreme and outrageous, conduct which no person in a civilized society should be forced to bear." *Id.* ¶ 85. Facts that might make these allegations plausible are absent, which bars these claims from going forward. *See Wondeh*, 2020 WL 5630268, at *3.

Consequently, dismissal of claims one through five is warranted. The Court need not address defendants' preemption arguments in the absence of plausible claims. Because Cattoche has now had multiple opportunities to plausibly allege the retaliation and discrimination claims, they are dismissed with prejudice. Cattoche may file a third and likely final amended complaint by September 9, 2022, to amend the hostile work environment and IIED claims. No new claims or parties may be added without the Court's prior approval. A failure to meet this deadline will

result in dismissal with prejudice under Rule 41(b).  F. R. Civ. P. 41(b).  United's request for judicial notice, Dkt. No. 28, is denied as moot.  The Court did not consider those materials.

**IT IS SO ORDERED.**

Dated:  August 26, 2022

_____
JAMES DONATO
United States District Judge