**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STORM CATTOCHE, | No. 22-16400 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01686-JD |
| v. | |
| UNITED AIRLINES, INC., a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted October 3, 2023
San Francisco, California

Before: McKEOWN, CALLAHAN, and LEE, Circuit Judges.

Plaintiff-Appellant Storm Cattoche (Cattoche) appeals the district court's grant without leave to amend of Defendant-Appellees'(United) motion to dismiss her second amended complaint under Federal Rule of Civil Procedure 12(b)(6). Cattoche sued United alleging multiple employment-related claims connected to her demotion from the International Purser position. We have jurisdiction pursuant

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to 28 U.S.C. § 1291 and we affirm.  We presume the parties' familiarity with the facts of the case and do not discuss them in detail here.

**1.**     Cattoche challenges the district court's alleged untimeliness in issuing a scheduling order pursuant to Federal Rule of Civil Procedure 16 as well as its later denial of the parties' joint request to revise the deadlines.  District courts "[are] given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  Although the district court delayed issuance of the scheduling order for over a year after the initial case management conference, its minute order referenced pending alternative dispute resolution procedures and a pending motion to dismiss, both of which support good cause in delaying a scheduling order.  *See* Fed R. Civ. Pro. 16(b)(2).

Cattoche's challenge to the district court's denial of the parties' joint request to modify the discovery deadlines is not persuasive.  Requests to modify may only be granted "for good cause and with the judge's consent," an inquiry that focuses on the diligence of the parties.  *See* Fed. R. Civ. Pro. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  The deadlines set for discovery and trial were consistent with the district judge's standing orders for civil cases, and Cattoche was free to start discovery at any point after the initial case management conference.  Her failure to do so indicates a lack of diligence and

weighs against finding good cause for modification of the scheduling order. We see no abuse of discretion by the district court regarding the discovery schedule.

**2.** Cattoche argues the district court improperly dismissed her retaliation claim under California Labor Code § 1102.5.[1] We review *de novo* dismissal for failure to state a claim and may affirm on any basis supported by the record. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We may disregard legal conclusions, conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Id.*

Under California law, to show a claim for retaliation, Cattoche must allege (1) that she engaged in protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022). "Protected activity" involves the disclosure "to a person of authority" over her of information that the employee reasonably and in good faith believes shows a violation of federal or state law. Cal. Lab. Code § 1102.5(b). Cattoche argues her emails to United raising concerns about material changes to

---

[1] Cattoche voluntarily dismissed with prejudice her state law claims for hostile work environment and intentional infliction of emotional distress, and therefore those claims are not at issue in this appeal.

3

the terms and conditions of her employment and her refusal to attend a meeting on personal time constitute protected communications. However, Cattoche does not allege the emails reference any statute or regulation she believed was violated or explain how United's actions were violating any law. Her allegation that she "communicated to UNITED Management a complaint [she] reasonably believed was a violation of law" only restates the language of the statute and is insufficient without additional facts showing why her belief was reasonable.

Additionally, Cattoche does not adequately allege causation. Cattoche once again asserts the legal conclusion that "UNITED Management perceived Ms. Cattoche as about to report unlawful workplace practices," but this restates the statute and does not provide the necessary factual allegations. *See* Cal. Lab. Code § 1102.5(b) ("An employer . . . shall not retaliate against an employee . . . because the employer believes that the employee . . . may disclose information[] to a government or law enforcement agency . . . ."). Nothing in Cattoche's Second Amended Complaint supports an inference that United had notice Cattoche was attempting to report unlawful activity, or that the information disclosed in her email could reasonably be read to state a violation of the law.[2] The only support

---

[2] When asked at argument whether she was seeking leave to amend, Cattoche stated she stood on the allegations in the Second Amended Complaint; therefore, we have no reason to consider any additional allegations contained in the Third Amended Complaint, which she voluntarily dismissed with prejudice.

for causation is the proximity in time of her demotion to her email communications. This is insufficient to meet the requirements of *Iqbal*. *See* 556 U.S. at 678 (recitation of the elements of a cause of action is insufficient without enough "factual content that allows the court to draw reasonable inferences" supporting the defendant's liability).

3.   Cattoche also challenges the district court's dismissal of her race and gender discrimination claims under the Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12900 et seq. To state a *prima facie* case of discrimination under FEHA, Cattoche must allege that (1) she belonged to a protected class; (2) she was performing competently in her position; (3) she was subject to an adverse employment action; and (4) some other circumstances that suggest discriminatory motive. *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 355 (2000). Discriminatory motive may be satisfied by plausibly alleging other similarly situated employees outside of the protected class were treated more favorably (i.e. comparators). *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

The Second Amended Complaint alleges other United Pursers outside Cattoche's protected class were involved in similar incidents but not subject to discipline or demotion. Cattoche claims these situations are comparable to hers because they also involved questions regarding the service order in flight attendant

5

duties. However, she offered no information related to the employment history of the alleged comparators or other relevant facts, rendering it difficult to draw any inferences as to whether those employees were indeed similarly situated or treated more favorably. *See Gupta v. Trustees of Cal. State Univ.*, 253 Cal.Rptr.3d 277, 285 (Cal. Ct. App. 2019). For example, while Cattoche details the questions asked by the two comparators, she does not provide specific information as to her allegedly similar question, instead stating vaguely that "[t]he grounds for demotion were purportedly related to a question regarding [t]he service order in flight attendant duties." Overall, the Second Amended Complaint does not contain enough allegations of fact to give rise to an inference of discrimination on the part of United in demoting Cattoche.

    Because the Second Amended Complaint lacks the requisite specific factual allegations to support her retaliation or discrimination claims, the dismissal by the district court is **AFFIRMED.**